# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **R.C. and E.C.**

**No. 17-0142** (Greenbrier County 16-JA-49 & 16-JA-50)

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father B.C., by counsel R. Grady Ford, appeals the Circuit Court of Greenbrier County's February 2, 2017, order adjudicating him as an abusing parent to R.C. and E.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Denise N. Pettijohn, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, the DHHR filed an abuse and neglect petition against petitioner and the mother.[3] The petition alleged that the mother received no prenatal care, abused drugs during her

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The circuit court adjudicated petitioner as a "neglecting parent" based upon its finding that he neglected the children. The Court notes, however, that the West Virginia Code provides only for a definition of "abusing parent." According to West Virginia Code § 49-1-201 "'[a]busing parent' means a parent, guardian or other custodian, regardless of his or her age, whose conduct has been adjudged by the court to constitute child abuse or neglect." Because this definition encompasses parents who have been adjudicated of either abuse or neglect, the Court will use the correct statutory term throughout this memorandum decision.

[3]Petitioner's ex-girlfriend, C.L., is the mother of R.C. and E.C.

pregnancy, and that R.C. was born Neonatal Abstinence Syndrome ("NAS").[4] The petition also alleged that petitioner was aware of the mother's lack of prenatal care and that he admitted that he suffers from a neurological condition that has rendered him unable to properly care for the children.[5] According to the petition, petitioner's mother stated that he indicated to her that he could not care for the children.[6]

In January of 2017, the circuit court held an adjudicatory hearing wherein petitioner withdrew his previously filed motion for a pre-adjudicatory improvement period. A DHHR worker testified that petitioner was named in the abuse and neglect petition because of his admitted inability to parent the children. She also testified that petitioner's admitted inability to parent poses a risk of danger to the children "if [he is] not able to care or protect" them. Based on the evidence presented, the circuit court, by order dated February 2, 2017, adjudicated petitioner of neglecting the children due to his admitted inability to parent and found that the children's physical and mental health were threatened by petitioner's inability to supervise or provide care for the children. The circuit court placed petitioner on a post-adjudicatory improvement period.[7] It is from that February 2, 2017, order that petitioner appeals.

The Court has previously established the following standard of review in a case such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

---

[4]Neonatal Abstinence Syndrome is a group of problems that occur in a newborn child who was exposed to addictive opiate drugs while in the mother's womb.

[5]According to the record, petitioner had brain surgery several years ago to remove a tumor near his brain stem. As a result of the surgery, petitioner has memory problems and difficulty caring for himself.

[6]The record indicates that petitioner has two older children, who are not the subject of this petition, that have been in petitioner's mother's care since approximately 2008 when custody was granted to her.

[7]Because petitioner appealed from the adjudicatory order, the matter is still pending before the circuit court. As such, the parental rights of both parents remain intact and both have been placed on improvement periods. As such, the memorandum decision in this case directs the DHHR and the parties to seek permanency for the children. Currently, the DHHR is implementing a permanency plan to achieve reunification with the parents. According to the guardian, R.C. was placed with N.A., her maternal aunt, and E.C. was placed with, T.M., his paternal grandmother.

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's adjudication of the children as neglected.

On appeal, petitioner argues that his adjudication below was improper because he never actively threatened or harmed the children and his failure to properly care for the children was based entirely on his disability. Petitioner also contends that he always "arranged for assistance" to care for the children. First, petitioner's argument that he never actively harmed or threatened the children is without merit. West Virginia Code § 49-1-201, in relevant part, defines a neglected child as one

> [w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when that refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian.

Moreover, West Virginia Code § 49-1-201 defines an "abusing parent" as "a parent, guardian or other custodian, regardless of his or her age, whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect."

Petitioner's argument on appeal ignores the fact that the children's health and safety was threatened by his admitted failure to provide them with necessary and appropriate supervision and the specialized medical care that R.C. requires, which was caused by the mother's use of drugs during her pregnancy. Further, the circuit court was presented with evidence that petitioner was aware of the mother's drug abuse during her pregnancy. Accordingly, the circuit court found that the children's physical health was threatened by petitioner's admitted inability to provide them with necessary supervision and medical care, and it was his inability to provide the same that necessitated the children's alternative placements. Furthermore, we have explained that "[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided." Syl. Pt. 3, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). In the present case, the circuit court found that it was contrary to the children's welfare to remain in petitioner's home because of his admitted inability to provide the children with the appropriate supervision and necessary medical care. For these reasons, we find no error in the circuit court's order adjudicating petitioner as an abusing parent.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 2, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 19, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker